UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DENISE OTTO,

             Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.

             Defendants.

Civ. No. 15-8240 (KM)

MEMORANDUM AND ORDER

**MCNULTY, U.S.D.J.:**

      This morning I granted a routine 30-day extension of time to file a response to a complaint. (ECF No. 7) The request, made on behalf of PHELAN HALLINAN, LLP, one of four defendants,[1] stated that it was seeking counsel, and that the plaintiff did not consent to the adjournment. I have now received a letter dated December 28, 2015, from the plaintiff, Ms. Otto, in which she states that three days prior to Phelan Hallinan's request, the defendant declined to consent to an adjournment of a sheriff's sale of her property. (I am simultaneously filing Ms. Otto's letter.) She states that she "had to use [her] last stay and the Sheriff Sale on my property is now scheduled for 1/5/2016." (Given defendant's position, it is understandable that the plaintiff may have been in no mood to cooperate.) I will treat the plaintiff's letter as a motion to reconsider my grant of the extension.

      Phelan Hallinan is a defendant, but it is also a law firm. Counsel are admonished that, particularly when blandly seeking what appears to be a routine extension against a *pro se* plaintiff, the relevant circumstances should

---

[1] The other three defendants have responded to the Complaint with a motion to dismiss, filed December 21, 2015. (ECF No. 3)

1

be *fully* stated. I will assume good faith in this instance, but will be less indulgent about any similar lapse in the future.

That said, there is nothing about the filing of Phelan Hallinan's answer or other responsive pleading, whether early or late, that would affect the date of the Sheriff's sale. As to that, the plaintiff must pursue whatever remedies are available to her.

## ORDER

**IT IS THEREFORE ORDERED,** this 29th day of December, 2015, that the plaintiff's letter motion (filed herewith) to reconsider my grant of an extension of Phelan Hallinan's time to extend its time to answer the complaint (ECF No. 7) is **DENIED**.

_____
HON. KEVIN MCNULTY, U.S.D.J.

Denise A Otto
139-141 Western Parkway
Irvington, New Jersey 07111

December, 28 2015
The Honorable Kevin McNulty
Martin Luther King Jr. Federal Bldg. & U.S Courthouse
50 Walnut Street
Newark, New Jersey 07102

RE: Denise Otto v. Wells Fargo Bank, N.A., et al.
　　Docket No.: 2:15-cv-08240-KM-MAH
　　Property: 139-141 Western Parkway, Irvington, NJ 07111

Dear Honorable Kevin McNulty,

In response to the letter enclosed and dated December 23, 2015 from Defendant Phellan, Hallinan Diamond, PC, Defendant failed to mention in their letter that three days prior to their request, I made a request to the Defendant to adjourn the Sheriff Sale on my property which was schedule for 12/15/2015. I made this request so that I did not use my last stay. Defendant refused although I reached out to them twice that day. Therefore, I had to use my last stay and the Sheriff Sale on my property is now scheduled for 1/5/2016.


Respectfully Submitted,

Denise A Otto

cc: Phelan Hallinan LLP

# PHELAN HALLINAN DIAMOND & JONES, PC

400 Fellowship Road Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Fax: 856-813-5501

December 14, 2015

Lisa Wilson
New Jersey Office

Representing Lenders in
New Jersey

DENISE OTTO, PRO SE
35 ELLERY AVENUE
IRVINGTON, NJ 071111410


RE:   US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2, vs. DENISE OTTO, Et Al.
   Property Address: 139-141 WESTERN PARKWAY, IRVINGTON, NJ 07111
   Docket #: F-026230-12
   File #: NW-11378


Ladies / Gentlemen:

The Sheriff's sale in the above captioned matter was scheduled for: **12/15/2015**.

The sale has been adjourned and is now scheduled at the office of: ESSEX County Sheriff's Office on **01/05/2016 at 01:30 PM.**


Sincerely,
Lisa Wilson, Legal Assistant

This firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have received a discharge in bankruptcy, this is not and should not be construed as an attempt to collect a debt. We are only proceeding against the real estate secured by the mortgage